UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                                  Case No: 2:16-cv-358-FtM-38CM

J.B. BALDWIN,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Final Request to Extend Mediation Deadline (Doc. 28) filed on May 1, 2017. Plaintiff has filed a response in opposition (Doc. 29). The matter, therefore, is ripe for review.

Plaintiff brought this lawsuit pursuant to the Americans with Disabilities Act ("ADA"). Doc. 1. On October 18, 2016, United States District Judge Sheri Polster Chappell entered an ADA Scheduling Order directing the parties to mediate this case before a mediator of their choice no later than January 16, 2017. Doc. 16 at 2. Since then, the Court has thrice extended the mediation deadline due to Defendant's requests. Docs. 23; 25; 27.

Although the Court ordered the parties to mediate this matter by April 28, 2017, the present motion was not filed until May 1, 2017. In granting the last request, the Court relied upon Defendant's representations that it expected to receive and analyze its impending expert's report and complete mediation by April 28, 2017. Doc. 27 at 2. Now, Defendant informs the Court that it received its expert report on

April 8, 2017, nearly three weeks before the mediation deadline, and provided same to Plaintiff on April 26, 2017. Doc. 28 at 1-2. Defendant, however, fails to explain why three weeks was insufficient time to permit it to analyze the report and conduct a mediation in this case. *See id*. Plaintiff recognizes Defendant's delay, and faults Defendant for its failure to immediately furnish the report to Plaintiff and its failure to mediate within the mediation deadline, but Plaintiff herself offers no explanation of any efforts she took to coordinate the mediation. *See* Doc. 29. Plaintiff requests that the instant motion be denied and the parties be directed to file a case management report.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. C*hrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). The standards for modification of deadlines are set forth in Rules 6 and 16 of the Federal Rules of Civil Procedure. Rule 6 requires a showing of excusable neglect when, as here, a party files a motion after the time for filing such motion has expired. Fed. R. Civ. P. 6(b)(1)(B). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). Thus, a party must demonstrate both good cause and excusable neglect for filing an untimely motion. *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009). "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).

Here, Defendant does not show good cause or excusable neglect. *Estate of Miller*, 609 F. Supp. 2d at 1252. Although Defendant filed the present motion after the mediation deadline expired, Defendant does not explain why it could not have filed its motion within the Court-ordered deadline. Furthermore, as Plaintiff argues, Defendant received its expert's report nearly three weeks prior to the mediation deadline. Because the mediation deadline already was extended three times, and Defendant had three weeks to examine the exert report, the Court does not find good cause for extension and will not extend the mediation deadline.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Final Request to Extend Mediation Deadline (Doc. 28) is **DENIED**.

2. The parties shall have **up to and including May 17, 2017** to file a Case Management Report pursuant to the ADA Scheduling Order (Doc. 16).

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[1] Of course, the parties may conduct informal settlement discussions and still are required to mediate after they file the Case Management Report. The parties may choose to select an earlier, rather than later, mediation deadline in their Case Management Report, which the Court will use in entering its Case Management and Scheduling Order.